UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANET SAHM, PETER SAHM, and DAVID SAHM as the surviving heirs of GUSTAVE SAHM, Deceased, <br><br> Plaintiffs, <br><br> vs <br><br> ALLEGHENY TECHNOLOGIES INC., Individually and as Successor-in-Interest To TELEDYNE MOVIBLE OFFSHORE, INC., <br> AVCO CORPORATION, Individually and as Successor-in-Interest to LYCOMING ENGINES, <br> BAKER HUGHES, INC., <br> BELL HELICOPTER TEXTRON, INC., <br> THE BOEING COMPANY, as Individually and as Successor-in-interest to McDONNELL DOUGLAS CORPORATION, <br> CONTINENTAL AEROSPACE TECHNOLOGIES, INC. f/k/a CONTINENTAL MOTORS INC., Individually and as Successor-in-Interest To CONTINENTAL MOTORS CORPORATION, <br> GOODYEAR TIRE & RUBBER COMPANY, Individually and as Successor-in-Interest to GOODYEAR AEROSPACE CORPORATION, <br> HENKEL CORPORATION, as Successor-in-Interest to HYSOL, <br> IMO INDUSTRIES, INC., <br> J.P. BUSHNELL PACKING SUPPLY CO., <br> MORTON INTERNATIONAL, LLC, <br> PARKER-HANNIFIN CORPORATION, Individually and as Successor-in-Interest to CLEVELAND WHEEL & BRAKES, <br> RAYTHEON TECHNOLOGIES CORPORATION, f/k/a UNITED TECHNOLOGIES CORPORATION, as | Case No. 23-200 <br><br> **JURY TRIAL DEMANDED** |

1

|  |  |
|---|---|
| Successor-in-Interest to PRATT & WHITNEY, | ) ) |
| TEXTRON AVIATION INC., Individually and as successor by merger with CESSNA AIRCRAFT COMPANY, and MCCAULEY PROPELLERS, | ) ) ) ) |
|  | ) |
| Defendants. | ) |

**RAYTHEON TECHNOLOGIES CORPORATION'S NOTICE OF REMOVAL**

Defendant Raytheon Technologies Corporation (improperly named as "Raytheon Technologies Corporation, f/k/a United Technologies Corporation, as Successor-in-Interest to Pratt & Whitney) (hereinafter "RTC"), by and through its undersigned attorneys hereby removes this action from the Circuit Court of the City of St. Louis, Missouri, based on federal officer jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1442(a)(1), and in support of this Notice of Removal states:

**NATURE OF THE CLAIMS**

1. On or about January 13, 2023, Plaintiffs filed their Petition in the Circuit Court of the City of St. Louis, Case No. 2322-CC00094, against RTC and other defendants. True and correct copies of all process, pleadings, and orders served upon RTC are attached to this Notice as **Exhibit A**.

2. Plaintiffs served RTC with process on January 27, 2023.

3. In their Petition, Plaintiffs allege that they are the surviving heirs of Decedent Gustave Sahm (hereinafter "Decedent") (Ex. A, Petition, ¶ 1).

4. Plaintiffs further alleged that Decedent developed lung cancer as a result of inhaling asbestos fibers during his work with or around all of the defendants' products during his various civilian jobs and through his service in the United States Navy aboard the USS Roberts from approximately 1956-1958.

2

5. Plaintiffs' claims against RTC are based on Decedent's alleged inhalation of asbestos fibers from military aircraft components during his service in the United States Navy, as a mechanic at McDonnell-Douglas, and during his time working for the St. Louis County Police Department's Helicopter Unit.

6. Any and all military aircraft components allegedly supplied by RTC to the United States Navy were specifically designed and manufactured in accordance with strict specifications provided by the Navy and were designed and built under the direction and control of the military and its officers.

7. Any and all RTC products Decedent would have encountered during his time working as a mechanic for McDonnell-Douglas would have been specifically designed and manufactured in accordance with strict specifications provided by the United States and were designed and built under the direction and control of the military and its officers.

8. Furthermore, any and all RTC products Decedent would have encountered during his time working for the St. Louis County Police Department's Helicopter Unit were acquired by St. Louis County from military surplus and those products would have been specifically designed and manufactured in accordance with strict specifications provided by the United States and were designed and built under the direction and control of the military and its officers.

9. Accordingly, this case is removable on the grounds of federal officer removal jurisdiction pursuant to 28 U.S.C. § 1442(a)(1).

10. This Notice of Removal is timely. The 30-day removal period prescribed by 28 U.S.C. § 1446(b) begins to run when defendant receives a copy of the initial pleading setting forth the claim for relief from which it may first be ascertained that the case is removable. 28 U.S.C. § 1446(b). RTC was served with the Petition on January 27, 2023. The receipt of the Petition put

RTC on notice for the first time that plaintiffs' claims in this action involve alleged inhalation of asbestos fibers from military equipment built pursuant to specifications provided by the military and under the direction and control of the military and its officers. This removal of the action, which is being filed within 30 days of RTC's receipt of the Petition, is therefore timely under 28 U.S.C. § 1446(b).

## JURISDICTION AND INTRADISTRICT ASSIGNMENT

11. Subject matter jurisdiction is based on 28 U.S.C. §§ 1331 and 1442(a)(1) as set forth below under Grounds for Removal.

12. Venue is proper in the United States District Court for the Eastern District of Missouri as the state court action, which is subject to this removal petition, was filed with the Circuit Court of the City of St. Louis, where it is alleged that all parties are subject to personal jurisdiction.

13. Furthermore, §1442(a) authorizes removal without the consent of any other defendant. See *Akin v. Ashland Chemical Co.*, 156 F.3d 1030, 1034 (10th Cir. 1998) (providing that 28 U.S.C. § 1442(a)(1) provides a statutory exception that "allows a federal officer [or any person acting under that officer] independently to remove a case to federal court even though that officer is only one of several named defendants"); *Ely Valley Mines, Inc. v. Hartford Acc. & Indem. Co.*, 644 F.2d 1310, 1315 (9th Cir. 1981) (finding that § 1442 "represents an exception to the general rule ... that all defendants must join in the removal petition"); *Citrano v. John Crane-Houdaille, Inc.*, 1 F.Supp.3d 459, 465 (D. Md. 2014) ("Unlike removal under § 1441, under § 1442(a) the other defendants need not join in or consent for removal to be proper.").

## GROUNDS FOR REMOVAL

14. This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and is removable to this Court by RTC pursuant to the provisions of 28 U.S.C. § 1442(a)(1) in that it is a civil action in which plaintiffs' alleged right to relief necessarily depends on the resolution of a substantial question of federal law. "Federal officers, and their agents, may remove cases based on acts performed under the color of their federal office if they assert a colorable defense." *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1251 (9th Cir. 2006); see also *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1429 (11th Cir. 1996); *Ruppel v. CBS Corp.*, 701 F.3d 1176, 1180-1181 (7th Cir. 2012).

15. Title 28 U.S.C. § 1442(a)(1) "grants independent jurisdictional grounds over cases involving federal officers where a district court otherwise would not have jurisdiction." *Bailey v. Monsanto Co.*, 176 F. Supp. 3d 853, 869 (E.D. Mo. 2016). The words "or relating to" were added to the statute by Congress in 2011. This addition was "intended to broaden the universe of acts that enable Federal officers to remove to Federal court." *Id.*, 176 F. Supp. 3d at 869.

16. The Supreme Court has mandated a generous interpretation of the federal officer removal statute in favor of removal. *Ruppel*, 701 F.3d 1176 at 1180 (the federal officer removal status is not narrow or limited); *Willingham v. Morgan*, 395 U.S. 402, 406-407 (1969); see also *Jefferson County, Alabama v. Acker*, 527 U.S. 423, 431 (1999) (noting that the Supreme Court has "rejected a 'narrow, grudging interpretation' of the [federal officer removal] statute.").

17. At all relevant times, RTC was a "person(s)" within the meaning of 28 U.S.C. § 1442(a)(1). *Ruppel*, 701 F.3d at 1181 (finding that a corporate defendant was a "person"); see also *Fung v. Abex Corp.*, 816 F.Supp. 569, 572 (N.D.Cal. 1992).

18. Plaintiffs' claim against RTC is based solely on products that were manufactured for the United States military. RTC was acting under the direction of an officer of the United

States within the meaning of 28 U.S.C. § 1442(a)(1) in designing, manufacturing, and supplying any aircraft for and to the military.

19. This equipment was manufactured pursuant to reasonably precise specifications provided by the United States and RTC has a colorable federal defense to plaintiffs' state law tort claims.

20. Removal pursuant to 28 U.S.C. § 1442(a)(1) is appropriate where the moving party can (a) demonstrate that it acted under the direction of a federal officer, (b) raise a colorable federal defense to plaintiff's claims, and (c) demonstrate a causal nexus between plaintiff's claims and the acts it performed under color of federal office. See *Mesa v. California*, 489 U.S. 121, 124-25, 129-31, 134-35 (1989); *Ruppel*, 701 F.3d at 1180-1181; *Vedros v. Northrop Grumman Shipbuilding*, Inc., No. 11–67281, 2012 WL 3155180, at *5 (E.D.Pa. Aug. 2, 2012).

21. "Requiring a private contractor seeking federal officer removal to show a "colorable" claim of state law preemption violates the fundamental principle that "[t]he officer need not win his case before he can have it removed." *Graves v. 3M Co.*, 17 F.4th 764, 773 (8th Cir. 2021) (citing *Willingham*, 395 U.S. at 407, 89 S.Ct. 1813).

22. "While the Court must require that the facts identified by the defendant support the federal defense, the Court is not called upon at this preliminary stage to pierce the pleadings or dissect the facts stated. Nor is the Court's function at this stage to determine credibility, weigh the quantum of evidence or discredit the source of the defense." *Hagen v. Benjamin Foster Co.*, 739 F. Supp. 2d 770, 778 (E.D. Pa. 2010). "It is the sufficiency of the facts stated — not the weight of the proof presented — that matters. For policy reasons, Congress has erected a road to federal court for litigants who can invoke a federal defense. It is not the Court's role to impose judicially created tolls on those who seek to travel on it. Thus, the Court concludes that a defense is colorable

6

for purposes of determining jurisdiction under Section 1442(a)(1) if the defendant asserting it identifies facts which, viewed in the light most favorable to the defendant, would establish a complete defense at trial." *Id*. at 782-83.

23. Should plaintiffs file a motion to remand this case, RTC respectfully requests an opportunity to respond more fully in writing, including the submission of affidavits and authorities, but offers the following at this time:

   a. RTC, during all aspects of its design and manufacture of military aircraft products that Decedent would have encountered, performed its work under the immediate supervision of the United States.

   b. This supervision and control were exercised through contract documents, design and construction drawings, written specifications, and personal oversight of RTC's work by engineers and military specialists on-site at RTC. No aspect of the development, manufacture, and testing of the aircraft products intended for use by the United States escaped this close control.

   c. The United States Navy exercised ultimate responsibility for making the final decisions with respect to aircraft component design. Engineers and military specialists were present at RTC to review and approve the design and manufacture of products that were produced for the United States Navy. These military specialists stationed on-site at RTC controlled the design and manufacture of any aircraft products produced at RTC for the United States Navy. The designs and specifications for all products intended for use by the United States Navy were approved by the appropriate U.S. Military personnel.

    d. The United States Military provided extensive and detailed specifications for RTC products intended for United States use.

    e. The United States Military had detailed prints and drawings of every part used in RTC products Decedent would have encountered. These prints disclosed all materials contained in each part.

    f. The United States Military knew of, and approved, all materials and all parts contained in RTC aircraft components intended for use by the United States.

    g. Any written materials, such as warnings or product manuals, that accompanied any products supplied by RTC for the United States were similarly controlled and specified by the United States Military.

    h. Each product manual was subjected to extensive review and approval by the United States Military.

    i. Contractors like RTC were prohibited from including any type of warning or precautionary statement on or with its aircraft components without the prior consent and approval of the United States Military.

    j. The United States dictated or otherwise controlled the nature and the content of the product warnings.

24. RTC raises a colorable federal defense to this action under government contractor immunity in that the United States, including military specialists, controlled the design and manufacture of any RTC equipment made for the United States. The United States provided, scrutinized, and approved extensive and detailed performance and construction specifications for the equipment intended for military use. The U.S. government had state-of-the-art knowledge of the hazards of asbestos-containing components of its equipment at all times relevant to this action.

25. A causal nexus exists between plaintiffs' claims in this action and the acts allegedly taken by RTC under the direction of federal officers. Plaintiffs' claims against RTC arise from Decedent's alleged inhalation of asbestos fibers during his work with or around RTC aircraft components while he served in the United States Navy from 1956 to 1958. This equipment was designed and manufactured under strict government control and pursuant to precise specifications that were provided by, scrutinized by, and/or revised by, and in all cases approved by the Navy.

26. Plaintiffs' additional claims against RTC that arise from Decedent's alleged inhalation of asbestos fibers during his work with or around RTC aircraft components at McDonnell-Douglas from 1959 to 1960, and from military surplus aircraft acquired by St. Louis County have a similar fate. During the time he worked at McDonnell-Douglas, the only RTC products that were present were for military aircraft whereby RTC contracted directly with the United States for the production of component parts being used on military aircraft. *See, e.g., Bailey,* 176 F. Supp. 3d at 870 (comparing PCBs cases where Monsanto sold PCBs to government contractors and not to the government itself, with Agent Orange cases where Monsanto was entitled to federal officer removal because it directly contracted with the government). Likewise, any RTC products Decedent encountered while working for the St. Louis County Police Department were acquired through military surplus (**Exhibit B**). This equipment was designed and manufactured under strict government control and pursuant to precise specifications that were provided by, scrutinized by, and/or revised by, and in all cases approved by the United States military.

27. RTC's alleged actions are inseparable from the government specifications, regulations, and oversight, and a clear causal nexus exists between Plaintiffs' claims and RTC's alleged acts performed under color of federal office. See *Boyle v. United Technologies Corp.*, 487

U.S. 500, 108 S.Ct. 2510 (1988); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996); *Marley v. Elliott Turbomachinery Co., Inc*., 545 F. Supp. 2d 1266, 1271 (S.D. Fla. 2008); *Arness v. Boeing North American, Inc*., 997 F.Supp. 1268 (C.D. Cal. 1998); *Sundstrom v. McDonnell Douglas Corp*., 816 F.Supp. 587 (N.D. Cal. 1993); *Crocker v. Borden*, 852 F.Supp. 1322 (E.D. La. 1994); *Fung v. Abex Corp*., 816 F.Supp. 569 (N.D. Cal. 1992); *Pack v. AC and S, Inc.*, 838 F. Supp. 1099 (D. Md. 1993).

28. Plaintiffs' claims against RTC are therefore affirmatively barred by government contractor immunity as set forth by the U.S. Supreme Court in *Boyle v. United Technologies Corp*., 487 U.S. 500, 108 S.Ct. 2510 (1988). See also *Graves v. 3M Co.*, 17 F.4th 764 (8th Cir. 2021). Pursuant to this federal defense, military equipment manufacturers cannot be held liable under state law for any injuries caused by the equipment they built for the U.S. military when: (a) the United States approved reasonably precise specifications; (b) the equipment conformed to these specifications; and (c) the equipment supplier warns the military about any hazards involved in the use of the equipment that are known to the equipment supplier but not known to the military. See *Boyle*, 487 U.S. 500 at 512; Oliver, 96 F.3d 992 at 1001. "The contractor's duty to warn under the third prong of Boyle extends only to those dangers in the use of the equipment which are unknown to the government." *Oliver*, 96 F.3d at 1001.

29. Analyzing the *Boyle* and *Oliver* factors with the facts above shows (a) that RTC designed and manufactured the military equipment in question under strict government supervision and control and that the United States approved reasonably precise specifications for the manufacture of the RTC products; (b) the equipment conformed to those specifications, and (c) the United States had state of the art knowledge and was aware of potential health hazards of working with or around asbestos-containing materials dating back to the 1930s. Thus, RTC would

not have had knowledge of any hazards associated with the potential inhalation of respirable asbestos fibers released from products which was not already known to the United States.  RTC has more than a colorable federal defense to this state action under government contractor immunity.  See *Blackman v. Asbestos Defendants* (BHC), 1997 WL 703773, *3 (N.D.Cal. 1997) (finding that defendant contractor had no duty to warn the Navy of dangers of asbestos use in military equipment where the contractor was not an asbestos manufacturer and "had no greater opportunity to know of the dangers of asbestos in the 1970s than did the USAF"); see also *Boyle*, 487 U.S. at 512; *Oliver v. Oshkosh Truck Corp.*, 96 F.3d 992, 1001-1002 (7th Cir. 1996); *Magnin v. Teledyne Continental Motors*, 91 F.3d 1424, 1427 (11th Cir. 1996); *Marley v. Elliott Turbomachinery Co., Inc.,* 545 F. Supp. 2d 1266, 1271 (S.D. Fla. 2008); *Arness v. Boeing North American, Inc.*, 997 F.Supp. 1268 (C.D. Cal. 1998); *Crocker v. Borden*, 852 F.Supp. 1322 (E.D. La. 1994); *Sundstrom v. McDonnell Douglas Corp.*, 816 F.Supp. 587 (N.D. Cal. 1993); *Pack v. AC and S, Inc.*, 838 F. Supp. 1099 (D. Md. 1993); *Fung v. Abex Corp.*, 816 F.Supp. 569 (N.D. Cal. 1992).

30. The existence of a single removable claim allows removal of the entire action.  28 U.S.C. § 1441(c).  *Lepucki v. Van Wormer*, 765 F.2d 86, 89 (7th Cir. 1985); see also *National Audubon Society v. Dept. of Water*, 496 F.Supp. 499, 509 (E.D. Cal. 1980).

31. Notice of this removal has been filed with the state court and provided to all adverse parties by the initial removing defendants pursuant to 28 U.S.C. § 1446(d).

32. RTC reserves all defenses, including but not limited to challenging whether this court has personal jurisdiction.

Defendant Raytheon Technologies Corporation, pursuant to the statutes and authorities identified above hereby removes this action.

**DEMAND FOR JURY TRIAL**

Pursuant to Federal Rule of Civil Procedure 38, Raytheon Technologies Corporation demands a jury trial as to all claims triable in this action.

Respectfully Submitted,

*/s/ Dyanna Ballou*
Dyanna Ballou, Mo Bar #48124
RASMUSSEN DICKEY MOORE, L.L.C.
1001 E. 101st Terrace
Kansas City, Missouri 64131
Telephone: (816) 960-1611
Fax: (816) 960-1669
dballou@rdm.law
**Attorney for Raytheon Technologies Corporation**

**CERTIFICATE OF SERVICE**

I certify that on February 20, 2023, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system on all parties.

*/s/ Dyanna Ballou*
**Attorney for Raytheon Technologies Corporation**