# **EXHIBIT A**



### IN THE 22ND JUDICIAL CIRCUIT, CITY OF ST LOUIS, MISSOURI

| Judge or Division:<br>ELIZABETH BYRNE HOGAN | Case Number: 2322-CC00094 | |
|---|---|---|
| Plaintiff/Petitioner:<br>JANET SAHM | Plaintiff's/Petitioner's Attorney/Address<br>SARA M SALGER<br>GORI, JULIAN ASSOCIATES P C<br>156 NORTH MAINE STREET<br>EDWARDSVILLE, IL 62025 | |
| vs. | | |
| Defendant/Respondent:<br>ALLEGHENY TECHNOLOGIES INC | Court Address:<br>CIVIL COURTS BUILDING<br>10 N TUCKER BLVD<br>SAINT LOUIS, MO 63101<br>Please see the attached information for appearing via WebEx. WebEx connection information may also be found at<br>http://www.stlcitycircuitcourt.com/ | |
| Nature of Suit:<br>CC Asbestos | | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: **RAYTHEON TECHNOLOGIES CORPORATION**
Alias: **FKA UNITED TECHNOLOGIES CORPORATION, SUCC PRATT & WHITNEY**

CT CORPORATION SYSTEM, RAGT
120 S CENTRAL AVENUE STE 400
CLAYTON, MO 63105

**SPECIAL PROCESS SERVER**



COURT SEAL OF

CITY OF ST LOUIS

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for plaintiff/petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

***Due to COVID19 challenges, virtual appearances by Webex.com are also required until further order of this Court.***

If you have a disability requiring special assistance for your court appearance, please contact the court at least 48 hours in advance of scheduled hearing.

**January 13, 2023**                                        _Thomas Kloeppinger_
_____                              _____
Date                                                          Clerk

Further Information:

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within 30 days after the date of issue.
I certify that I have served the above Summons by: (check one)
☐ delivering a copy of the summons and petition to the defendant/respondent.
☐ leaving a copy of the summons and petition at the dwelling house or usual place of abode of the defendant/respondent with _____, a person at least 18 years of age residing therein.
☐ (for service on a corporation) delivering a copy of the summons and petition to: _____ (name) _____ (title).
☐ other: _____
Served at _____ (address)
in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____                              _____
Printed Name of Sheriff or Server                          Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:
Subscribed and sworn to before me on _____ (date).
(Seal)
My commission expires: _____

SJRC (07-21) SM30 (SMCC) *For Court Use Only:* Document ID # 23-SMCC-282   1 of 1 (2322-CC00094)   Civil Procedure Form No. 1, SCR 54.01 – 54.05, 54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

|  |  |
|---|---|
| Date | Notary Public |

**Sheriff's Fees, if applicable**
Summons                                   $_____
Non Est                                      $_____
Sheriff's Deputy Salary
Supplemental Surcharge      $____10.00____
Mileage                                     $_____ (_____ miles @ $._____ per mile)
Total                                           $_____

A copy of the summons and petition must be served on each defendant/respondent. For methods of service on all classes of suits, see Supreme Court Rule 54.

**2322-CC00094**

Electronically Filed - City of St. Louis - January 13, 2023 - 08:49 AM

IN THE CIRCUIT COURT
TWENTY-SECOND JUDICIAL CIRCUIT
ST. LOUIS CITY, MISSOURI

| | |
|---|---|
| JANET SAHM, PETER SAHM, and DAVID SAHM as the surviving heirs of GUSTAVE SAHM, Deceased,<br><br>-vs.-<br><br>ALLEGHENY TECHNOLOGIES INC., <br>    Individually and as Successor-in-Interest <br>    To TELEDYNE MOVIBLE OFFSHORE, INC., <br>AVCO CORPORATION, Individually and as <br>    Successor-in-Interest to LYCOMING ENGINES, <br>BAKER HUGHES, INC., <br>BELL HELICOPTER TEXTRON, INC., <br>THE BOEING COMPANY, as Individually and <br>    as Successor-in-interest to McDONNELL DOUGLAS CORPORATION, <br>CONTINENTAL AEROSPACE <br>    TECHNOLOGIES, INC. f/k/a <br>    CONTINENTAL MOTORS INC., <br>    Individually and as Successor-in-Interest <br>    To CONTINENTAL MOTORS CORPORATION, <br>GOODYEAR TIRE & RUBBER COMPANY, <br>    Individually and as Successor-in-Interest <br>    to GOODYEAR AEROSPACE CORPORATION, <br>HENKEL CORPORATION, as Successor-in-<br>    Interest to HYSOL, <br>IMO INDUSTRIES, INC., <br>J.P. BUSHNELL PACKING SUPPLY CO., <br>MORTON INTERNATIONAL, LLC, <br>PARKER-HANNIFIN CORPORATION, <br>    Individually and as Successor-in-Interest <br>    to CLEVELAND WHEEL & BRAKES, <br>RAYTHEON TECHNOLOGIES <br>    CORPORATION, f/k/a UNITED <br>    TECHNOLOGIES CORPORATION, as <br>    Successor-in-Interest to PRATT & WHITNEY, <br>TEXTRON AVIATION INC., Individually and | Cause No.<br>Division No.1<br>(Asbestos)<br>JURY TRIAL DEMANDED<br>WRONGFUL DEATH<br>PRODUCTS LIABILITY |

```
as successor by merger with CESSNA   )
AIRCRAFT COMPANY, and                )
MCCAULEY PROPELLERS,                 )
                                     )
        Defendants.                  )
```

## PETITION

Plaintiffs listed above, by their attorneys, THE GORI LAW FIRM, P.C., and for their cause of action against Defendants, state as follows:

### JURISDICTION, VENUE, AND GENERAL ALLEGATIONS

1.     Plaintiffs, JANET SAHM, PETER SAHM, and DAVID SAHM as the surviving heirs of GUSTAVE SAHM, Deceased, are Class I beneficiaries of Decedent and bring this action pursuant to Missouri Revised Statutes 537.080, et seq. That at all times concerned herein, Plaintiffs were the lawful wedded spouse and/or children of Decedent.

2.     The Decedent served in the U.S. Navy from 1956 to 1958 aboard the USS Roberts, at the Norfolk Naval Shipyard, and at the Great Lakes Naval Base in Chicago, IL. The Decedent worked from 1958 to 1959 as a Driver at Schuetten Berg & Sahm Water Hauling, from 1959 to 1960 as an Electrical Mechanic at McDonnell-Douglas, in 1960 as a Truck Driver for Landvatte Ready Mix, from 1960 to 1962 as a Truck Driver for St. Louis County Tile, from 1962 to 1991 as a Police Officer for St. Louis County, MO, from 1991 to 2001 as a Salesman at Lou Fusz Motor Company, from 2001 to 2003 as a Salesman at Marshall Ford, from 2003 to 2006 as a Salesman at Broadway Truck Center, from 2006 to 2016 as a Driver at Lou Fusz Motor Company, and from 2016 to 2020 as a Customer Service Representative at Autozone.

3.     Beginning in 1956, Decedent was first exposed to asbestos-containing products while in the Navy. Decedent was not diagnosed with Lung Cancer until August 30, 2019. At the time Decedent was first exposed to asbestos-containing products, and at the time Decedent was diagnosed with Lung Cancer, Defendants, General Gasket Corporation, Hercules Incorporated and J.P. Bushnell Packing

Electronically Filed - City of St. Louis - January 13, 2023 - 08:49 AM

Supply Co. maintained a Registered Agent for service of process in the City of St. Louis, Missouri. Venue is therefore proper in the City of St. Louis, Missouri.

4. During the course of his employment, Decedent was exposed to, inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was working with or around, which were manufactured, sold, distributed and/or installed by the Defendants and each of them.

5. That on or about August 30, 2019, Decedent first became aware that he had developed Lung Cancer. However, Decedent and/or his family later learned that said disease was wrongfully caused.

6. The below-mentioned Defendants are jointly and severally liable in that they contributed to the Decedent injury:

(1) Defendant, ALLEGHENY TECHNOLOGIES INC., Individually and as Successor-in-Interest to TELEDYNE MOVIBLE OFFSHORE, INC., is a foreign corporation not presently doing business in the State of Missouri; said corporation may be served pursuant to the Missouri Long-Arm Statute at its corporate headquarters located at 1000 Six PPG Place, Pittsburgh, PA 15222.

(2) Defendant, AVCO CORPORATION, Individually and as Successor-in-Interest to LYCOMING ENGINES, is a foreign corporation doing business in the State of Missouri; said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent, CT Corporation System, 450 Veterans Memorial Parkway, Suite 7A, East Providence, RI 02914.

(3) Defendant, BAKER HUGHES, INC., is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, C.T. Corporation Systems, Inc., 120 S. Central Avenue, Ste. 400, Clayton, MO 63105.

(4) Defendant, BELL HELICOPTER TEXTRON, INC., is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, CT Corporation System, 208 South LaSalle Street, Suite 814, Chicago, IL 60604.

(5) Defendant, THE BOEING COMPANY, as Individually and as Successor-in-interest to McDONNELL DOUGLAS CORPORATION, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar Street, Jefferson City, MO 65101.

(6) Defendant, CONTINENTAL AEROSPACE TECHNOLOGIES, INC. f/k/a CONTINENTAL MOTORS INC., Individually and as Successor-in-Interest to CONTINENTAL MOTORS CORPORATION, is a foreign corporation not presently doing business in the State of Missouri; said corporation may be served pursuant to the Missouri Long-Arm Statute at its corporate headquarters located at 2039 Broad Street, Mobile, AL 36615.

(7) Defendant, GOODYEAR TIRE & RUBBER COMPANY, Individually and as Successor-in-Interest to GOODYEAR AEROSPACE CORPORATION, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, CSC-Lawyers Incorporating Service Company, 221 Bolivar, Jefferson City, MO 65101.

(8) Defendant, HENKEL CORPORATION, as Successor-in-Interest to HYSOL, is a foreign corporation doing business in the State of Missouri; said corporation may be served pursuant to the Missouri Long-Arm Statute at its said corporation may be served at its corporate headquarters: One Henkel Way, Rocky Hill, CT 06067.

(9) Defendant, IMO INDUSTRIES, INC., is a foreign corporation doing business in the State of Missouri; said corporation may be served at CT Corporation System, 208 South LaSalle Street, Ste 814, Chicago, IL 60604.

(10) Defendant, J.P. BUSHNELL PACKING SUPPLY CO., is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, 801 Cass Ave., St Louis, MO 63106.

(11) Defendant, MORTON INTERNATIONAL, LLC, is a foreign corporation doing business in the State of Missouri; said corporation may be served pursuant to the Missouri Long-Arm Statute through its registered agent, C. T. Corporation System, 208 S. LaSalle St., Chicago, IL 60604.

Page 4 of 11

Electronically Filed - City of St. Louis - January 13, 2023 - 08:49 AM

(12) Defendant, PARKER-HANNIFIN CORPORATION, Individually and as Successor-in-Interest to CLEVELAND WHEEL & BRAKES, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, The Corporation Company, 120 S. Central Avenue, Ste. 400, Clayton, MO 63105.

(13) Defendant, RAYTHEON TECHNOLOGIES CORPORATION, f/k/a UNITED TECHNOLOGIES CORPORATION, as Successor-in-Interest to PRATT & WHITNEY, is a foreign corporation doing business in the State of Missouri; Said corporation may be served through its registered agent, C. T. Corporation System, 120 S. Central Avenue, Ste. 400, Clayton, MO 63105.

(14) Defendant, TEXTRON AVIATION INC., Individually and as successor by merger with CESSNA AIRCRAFT COMPANY, and MCCAULEY PROPELLERS, is a foreign corporation doing business in the State of Missouri; said corporation may be served through its registered agent, The Corporation Company, 600 S. 2nd St., Suite 104, Springfield, IL 62704.

7. At various times during the course of Decedent's life, Decedent was exposed to and inhaled, ingested or otherwise absorbed large amounts of asbestos fibers emanating from certain products he was using, or around others using, which were manufactured, sold, distributed or installed by the Defendants. Decedent's exposure to the materials, products, equipment, activates and conditions attributable to the various Defendants occurred at different times as to each and not necessarily throughout Decedent's entire career or life as to any particular Defendant.

8. Each Defendant is amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed the aforementioned asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri, and by reason of having committed tortious acts against Decedent in Missouri.

9. The Federal Courts lack subject matter jurisdiction over this action, as there is no federal question and incomplete diversity of citizenship due to the presence of a Missouri Defendant. Removal

is improper. Every claim arising under the constitution, treaties, or laws of the United States is expressly disclaimed (including any claim arising from an act or omission on a federal enclave, or of any officer of the U.S. or any agency or person acting under her occurring under color of such office). No claim of admiralty or maritime law is raised. Plaintiffs sue no foreign state or agency. Venue is proper in this county in Missouri.

## COUNT I
## STRICT LIABILITY

10. Plaintiffs herein incorporate by reference Paragraphs 1 through 6 of this Petition.

11. At the time Defendants and each of them manufactured, sold and distributed the asbestos-containing products to which Decedent was exposed, said products were in a defective condition and were unreasonably dangerous in that:

(a) Said products contained friable asbestos fibers as a constituent substance;

(b) Said asbestos fibers were highly toxic, deleterious, poisonous and harmful to the health of Decedent and others similarly situated;

(c) Said products were not accompanied by any warning or by adequate warning advising of the danger of exposure to asbestos or of precautions to be employed in the use of asbestos-containing products.

12. Said products reached the plant in substantially the same condition as when manufactured, distributed and sold.

13. At all times relevant hereto, said products were used in the manner and environment intended, and in a manner reasonably foreseeable and anticipated by Defendants and each of them.

14. As a direct and proximate result of said defective and unreasonably dangerous conditions of said products, the Decedent was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing Decedent to develop Lung Cancer, which ultimately led to his death on February 18, 2021; Decedent, prior to his death, was compelled to expend and become liable for large

sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-induced diseases and conditions; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; as a further result of his asbestos-related diseases and conditions, the Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him and his Estates; further, by reason of the death of the Decedent, his family has been deprived of their means of support and have lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent estate for funeral and burial.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

## COUNT II
### NEGLIGENCE

15. Plaintiffs herein incorporate by reference Paragraphs 1 through 6 of this Petition.

16. At all times herein set forth, the products of Defendants and each of them were being employed in the manner and for the purposes for which they were intended.

17. Decedent exposure to, and inhalation, ingestion or absorption of the asbestos fibers emanating from the above-mentioned products was completely foreseeable and could or should have been anticipated by the Defendants and each of them.

18. Defendants and each of them knew or should have known that the asbestos fibers contained in their products had a toxic, poisonous, and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them.

19. At all times herein relevant, Defendants and each of them had a duty to exercise reasonable care and caution for the safety of the Decedent and others working with or around the products of the Defendants containing asbestos.

20. Defendants and each of them failed to exercise ordinary care and caution for the safety of Decedent in one or more of the following respects:

    (a) Included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent working with or around them would inhale, ingest or otherwise absorb great amounts of that asbestos;

    (b) Included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

    (c) Included asbestos in their products when adequate substitutes for the asbestos in them were available;

    (d) Failed to provide any or adequate warnings to persons working with or around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers contained in them;

    (e) Failed to provide any or adequate instructions concerning the safe methods of working with or around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

    (f) Failed to conduct tests on the asbestos-containing products manufactured, sold, delivered or installed by the Defendants in order to determine the hazards to which workers such as the Decedent might be exposed while working with or around the products; and

    (g) Failed to recall asbestos-containing products which it had manufactured, sold, delivered, or installed.

21. As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants and each of them, Decedent was exposed to, and inhaled, ingested or otherwise

Electronically Filed - City of St. Louis - January 13, 2023 - 08:49 AM

absorbed great amounts of asbestos fibers causing him to develop Lung Cancer, which ultimately led to his death on February 18, 2021; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-related diseases and conditions; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; as a further result of his asbestos-related diseases and conditions, Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which otherwise would have accrued to him and his Estate; further, by reason of the death of the Decedent, his family has been deprived of their means of support and have lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent estate for funeral and burial.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

<u>COUNT III</u>
<u>WILLFUL AND WANTON MISCONDUCT - AGGRAVATED CIRCUMSTANCES</u>

22. Plaintiffs herein incorporate by reference Paragraphs 1 through 6 of this Petition.

23. Defendants and each of them are guilty of one or more of the following acts or omissions amounting to willful and wanton misconduct:

(a) Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in their products, even though it was completely foreseeable and could or should have been anticipated that persons such as the Decedent working with or around them would inhale, ingest or otherwise absorb great amounts of that asbestos;

(b) Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in their products when the Defendants knew or should have known that said asbestos fibers would have a toxic, poisonous and highly deleterious

Page 9 of 11

        effect upon the health of persons inhaling, ingesting or otherwise absorbing them;

(c) Intentionally or with a reckless disregard for the safety of Decedent, included asbestos in the products when adequate substitutes were available;

(d) Intentionally or with a reckless disregard for the safety of the Decedent, failed to provide any or adequate warnings to persons working with or around the products of the dangers of inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(e) Intentionally or with a reckless disregard for the safety of the Decedent, failed to provide any or adequate instructions concerning the safe methods of working with or around the products, including specific instructions on how to avoid inhaling, ingesting or otherwise absorbing the asbestos fibers in them;

(f) Intentionally or with a reckless disregard for the safety of the Decedent, failed to conduct tests on the asbestos-containing products manufactured, sold or delivered by the Defendants in order to determine the hazards to which workers such as the Decedent might be exposed while working with or around the products; and

(g) Failed to recall asbestos-containing products which it had manufactured, sold, delivered and installed.

24.    As a direct and proximate result of one or more of the foregoing acts or omissions on the part of the Defendants and each of them, Decedent was exposed to, and inhaled, ingested or otherwise absorbed great amounts of asbestos fibers causing Decedent to develop Lung Cancer, which ultimately led to his death on February 18, 2021; Decedent, prior to his death, was compelled to expend and become liable for large sums of monies for hospital, medical and other health care services necessary for the treatment of his asbestos-related disease and conditions; Decedent, prior to his death, experienced great physical pain and mental anguish as a result of the inhalation, ingestion and absorption of said asbestos fibers; as a further result of his asbestos-related disease and condition, the Decedent was hindered and prevented from pursuing his normal course of employment, thereby losing large sums of money which

Electronically Filed - City of St. Louis - January 13, 2023 - 08:49 AM

otherwise would have accrued to his and his Estate; further, by reason of the death of the Decedent, his family has been deprived of their means of support and have lost the society of the Decedent; lastly, substantial sums of money were expended by the Decedent estate for funeral and burial.

WHEREFORE, Plaintiffs pray judgment be entered against the Defendants jointly and severally for actual and compensatory damages as are fair and reasonable, in excess of TWENTY-FIVE THOUSAND ($25,000) DOLLARS, including the cost of this action and any other such relief as the court deems just and equitable.

## COUNT IV
## LOSS OF CONSORTIUM

1. Plaintiff, JANET SAHM, hereby incorporates the allegations contained in Counts I-III of the Petition.

2. That as a direct and proximate result of one or more of the foregoing acts or omissions of the Defendants, the Plaintiff, JANET SAHM, as well as other family members, has been deprived of the companionship, society and services with her husband, GUSTAVE SAHM, all to her damage in an amount in excess of $25,000.00.

WHEREFORE, Plaintiff prays judgment be entered against the Defendants for a sum in excess of TWENTY-FIVE THOUSAND ($25,000.00) DOLLARS which will fairly and reasonably compensate for the Plaintiff's injuries.

THE GORI LAW FIRM, P.C.,

By:  /s/ Sara M. Salger
Sara M. Salger, # 61393
Erin L. Beavers, # 61575
Martavious A. Thomas, # 62700
Attorneys for Plaintiff
156 N. Main St.
Edwardsville, IL 62025
Phone: (618) 659-9833
Fax: (618) 659-9834
asbestoslitigation@gorilaw.com