IN THE CIRCUIT COURT
STATE OF MISSOURI
TWENTY-SECOND JUDICIAL CIRCUIT
**(City of St. Louis)**

| | |
|---|---|
| **JANET SAHM, PETER SAHM, and** ) | Case No. 2322-CC00094 |
| **DAVID SAHM as the surviving heirs of** ) | Division No. 1 |
| **GUSTAVE SAHM, Deceased,** ) | (Asbestos) |
| ) | |
| **Plaintiffs,** ) | |
| ) | |
| vs. ) | |
| ) | |
| **ALLEGHENY TECHNOLOGIES, INC., et al.,** ) | **JURY TRIAL DEMANDED** |
| ) | **WRONGFUL DEATH** |
| **Defendants.** ) | **PRODUCTS LIABILITY** |

**DEFENDANT IMO INDUSTRIES INC.'S
<u>ANSWER TO PLAINTIFFS' PETITION</u>**

COMES NOW Defendant Imo Industries Inc. ("Defendant"), by and through its undersigned attorneys, and for its Answer to Plaintiffs' Petition, states and alleges as follows:

**<u>JURISDICTION, VENUE, AND GENERAL ALLEGATIONS</u>**

1.  Defendant denies any and all allegations contained in Paragraph 1 of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 1 of Plaintiffs' Petition, and, therefore, denies the same.

2.  Defendant denies any and all allegations contained in Paragraph 2 of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Plaintiffs' Petition, and, therefore, denies the same.

3. Defendant denies any and all allegations contained in Paragraph 3 of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 3 of Plaintiffs' Petition, and, therefore, denies the same.

4. Defendant denies any and all allegations contained in Paragraph 4 of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 4 of Plaintiffs' Petition, and, therefore, denies the same.

5. Defendant denies any and all allegations contained in Paragraph 5 of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 5 of Plaintiffs' Petition, and, therefore, denies the same.

6. Defendant admits it is a foreign corporation. Except as so expressly admitted, Defendant is without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 6 of Plaintiffs' Petition, and, therefore, denies the same.

7. Defendant denies any and all allegations contained in Paragraph 7 of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 7 of Plaintiffs' Petition, and, therefore, denies the same.

8. Defendant denies any and all allegations contained in Paragraph 8 of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward

Electronically Filed - City of St. Louis - February 15, 2023 - 12:54 PM

other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 8 of Plaintiffs' Petition, and, therefore, denies the same.

9. Defendant denies any and all allegations contained in Paragraph 9 of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 9 of Plaintiffs' Petition, and, therefore, denies the same.

## COUNT I
## STRICT LIABILITY

10. Defendant realleges and incorporates its responses to Paragraphs 1 through 6 of Plaintiffs' Petition previously set forth herein in response to Count I, Paragraph 10 of Plaintiffs' Petition.

11. Defendant denies any and all allegations contained in Paragraph 11 of Count I of Plaintiffs' Petition directed toward Defendant, including subparagraphs (a) through (c) contained therein. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 11 of Count I of Plaintiffs' Petition, and, therefore, denies the same.

12. Defendant denies any and all allegations contained in Paragraph 12 of Count I of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 12 of Count I of Plaintiffs' Petition, and, therefore, denies the same.

13.	Defendant denies any and all allegations contained in Paragraph 13 of Count I of Plaintiffs' Petition directed toward Defendant.  With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 13 of Count I of Plaintiffs' Petition, and, therefore, denies the same.

14.	Defendant denies any and all allegations contained in Paragraph 14 of Count I of Plaintiffs' Petition directed toward Defendant.  With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 14 of Count I of Plaintiffs' Petition, and, therefore, denies the same.

WHEREFORE, this Defendant prays that Plaintiffs' Petition be dismissed at Plaintiffs' expense.

**COUNT II**
**NEGLIGENCE**

15.	Defendant realleges and incorporates its responses to Paragraphs 1 through 6 of Plaintiffs' Petition previously set forth herein in response to Count II, Paragraph 15 of Plaintiffs' Petition.

16.	Defendant denies any and all allegations contained in Paragraph 16 of Count II of Plaintiffs' Petition directed toward Defendant.  With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 16 of Count II of Plaintiffs' Petition, and, therefore, denies the same.

Electronically Filed - City of St. Louis - February 15, 2023 - 12:54 PM

17. Defendant denies any and all allegations contained in Paragraph 17 of Count II of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 17 of Count II of Plaintiffs' Petition, and, therefore, denies the same.

18. Defendant denies any and all allegations contained in Paragraph 18 of Count II of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 18 of Count II of Plaintiffs' Petition, and, therefore, denies the same.

19. Defendant denies any and all allegations contained in Paragraph 19 of Count II of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 19 of Count II of Plaintiffs' Petition, and, therefore, denies the same.

20. Defendant denies any and all allegations contained in Paragraph 20 of Count II of Plaintiffs' Petition directed toward Defendant, including subparagraphs (a) through (g) contained therein. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 20 of Count II of Plaintiffs' Petition, and, therefore, denies the same.

21. Defendant denies any and all allegations contained in Paragraph 21 of Count II of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 21 of Count II of Plaintiffs' Petition, and, therefore, denies the same.

WHEREFORE, this Defendant prays that Plaintiffs' Petition be dismissed at Plaintiffs' expense.

## COUNT III
## WILLFUL AND WANTON MISCONDUCT

22. Defendant realleges and incorporates its responses to Paragraphs 1 through 6 of Plaintiffs' Petition previously set forth herein in response to Count III, Paragraph 22 of Plaintiffs' Petition.

23. Defendant denies any and all allegations contained in Paragraph 23 of Count III of Plaintiffs' Petition directed toward Defendant, including subparagraphs (a) through (g) contained therein. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 23 of Count III of Plaintiffs' Petition, and, therefore, denies the same.

24. Defendant denies any and all allegations contained in Paragraph 24 of Count III of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 24 of Count III of Plaintiffs' Petition, and, therefore, denies the same.

WHEREFORE, this Defendant prays that Plaintiffs' Petition be dismissed at Plaintiffs' expense.

### COUNT IV
### LOSS OF CONSORTIUM

1. Defendant restates and incorporates its answers to Counts I through III for its response to Paragraph 1 of Count IV of Plaintiffs' Petition.

2. Defendant denies any and all allegations contained in Paragraph 2 of Count IV of Plaintiffs' Petition directed toward Defendant. With respect to the remaining allegations directed toward other defendants, Defendant is without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 2 of Count iV of Plaintiffs' Petition, and, therefore, denies the same.

WHEREFORE, this Defendant prays that Plaintiffs' Petition be dismissed at Plaintiffs' expense.

### AFFIRMATIVE DEFENSES TO ALL COUNTS

### 1. FAILURE TO STATE A CLAIM

Plaintiffs' Petition and all purported causes of action stated therein fail to state a claim or a cause of action against this Defendant upon which relief can be granted.

### 2. LACK OF PERSONAL JURISDICTION

This Court lacks personal jurisdiction over this Defendant or over the incidents and persons joined in this matter.

### 3. LACK OF SUBJECT MATTER JURISDICTION

This Court lacks subject matter jurisdiction over the incidents and persons joined in this matter.

### 4. IMPROPER VENUE

Venue is improper, so the Petition should be dismissed.

### 5. FAILURE TO JOIN NECESSARY AND/OR INDISPENSABLE PARTIES

The Petition fails to join necessary and/or indispensable parties. Thus, the Plaintiffs' claims are barred.

### 6. DE MINIMIS EXPOSURE

If Plaintiffs were exposed to any products of this Defendant, which is specifically denied, then such exposure was inconsequential or de minimis, thus barring any recovery by Plaintiffs.

### 7. STATUTE OF LIMITATIONS

Plaintiffs' claims are barred by the applicable statutes of limitations, including, but not limited to, Mo.Rev.Stat.516.120 and 537.080.

### 8. LACHES, ESTOPPEL AND WAIVER

Plaintiffs unreasonably delayed in bringing this action against this Defendant in a way which prejudiced its rights. Therefore, Plaintiffs' causes of action are barred by the doctrines of laches, estoppel, and/or waiver.

### 9. ASSUMPTION OF THE RISKS

Plaintiffs knew, understood, and appreciated the risks and hazards involved in the products and, therefore, Plaintiffs' causes of action against this Defendant are barred by Plaintiffs' assumption of the risks.

## 10. COMPARATIVE FAULT

If Plaintiffs sustained any injury or damages, which this Defendant denies, such injuries or damages were directly and proximately caused or contributed to, in whole or in part, by Plaintiffs' own culpable conduct, negligence, and/or fault.  Therefore, said fault would bar or reduce recovery in proportion to the culpable conduct and negligence of Plaintiffs.

## 11. IMPROPER USE

Plaintiffs neither used this Defendant's products as reasonably anticipated by this Defendant, nor for purposes intended by this Defendant.  Therefore, if Plaintiffs sustained any injury or damages, which this Defendant denies, such injuries or damages were directly and proximately caused by Plaintiffs' misuse or improper use of this Defendant's products.

## 12. FAILURE TO USE ORDINARY CARE

Plaintiffs unreasonably failed to appreciate the dangers involved in the use of the products alleged in Plaintiffs' Petition or the consequences thereof. Thus, Plaintiffs unreasonably exposed themselves to the dangers that a reasonably careful user would reasonably appreciate under the same or similar circumstances.

## 13. SOLE CAUSE

The culpable conduct of Plaintiffs and/or third-parties, over which this Defendant had no control, was the sole cause of any alleged damages or injuries Plaintiffs may have sustained. Consequently, no act or omission of this Defendant were a proximate cause of any damages or injuries allegedly sustained by Plaintiffs, thereby prohibiting the imposition of liability on this Defendant.

### 14. INTERVENING CAUSE

The culpable conduct and/or negligence of third-parties, not under the control of this Defendant, was a direct and proximate cause of the alleged injuries of Plaintiffs. Such conduct or negligence was an intervening or superseding cause, which prohibits the imposition of liability on this Defendant.

### 15. NO DUTY TO WARN

Plaintiffs, their employers, and any other persons or entities, other than this Defendant, were sophisticated purchasers and users of the products identified in Plaintiffs' Petition, who required no warning in order to be fully appraised of the potential dangers of the use of such products.

### 16. NO FORESEEABLE RISK OF HARM

Defendant did not have a duty to warn Plaintiffs, as its products did not represent a foreseeable risk of harm to Plaintiffs. The scope of any duty to warn on the part of Defendant did not extend to Plaintiffs as non-users of any of the products.

### 17. FAILURE TO MITIGATE

Plaintiffs failed to mitigate their damages, which bars or reduces their recovery.

### 18. CONSTITUTIONAL DEFENSES AGAINST PUNITIVE DAMAGES

Plaintiffs' Petition fails to state a cause of action upon which either punitive or exemplary damages can be awarded because it violates the United States and/or Missouri Constitutions, including, but not limited to, the following particulars:

(a) Plaintiffs' claim for punitive damages is barred by the due process clause of the Fifth and Fourteenth Amendments to the United States Constitution and the Missouri Constitution;

(b) Plaintiffs' claim for punitive damages is barred by the "double jeopardy" clause of the Fifth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment;

(c) Plaintiffs' claim for punitive damages violates Defendant's rights to equal protection under the law provided in the Fifth and Fourteenth Amendments of the United States Constitution and is otherwise unconstitutional under the United States Constitution and the Missouri Constitution;

(d) Plaintiffs' claim for punitive damages violates Defendant's rights to substantive due process as provided in the Fifth and Fourteenth Amendments of the United States Constitution and the Missouri Constitution;

(e) Plaintiffs' claim for punitive damages violates the Contract Clause of the United States Constitution; and

(f) Plaintiffs' claim for punitive damages violates the Fourth and Sixth Amendments to the United States Constitution.

The claim for punitive damages violates the United States Constitution and Missouri Constitution for, but not limited to, the following reasons:

(aa) The jury is given unfettered discretion to award punitive damages on vague grounds with no objective standards;

(bb) A presumption of innocence is not applied;

(cc) Specific intent is not required;

(dd) A unanimous jury verdict is not required;

(ee) The purpose is the punishment of Defendant and is tantamount to the imposition of a criminal fine based upon conduct, which is not defined with sufficient precision to give Defendant advance notice of that conduct;

(ff) Although indistinguishable from a criminal penalty, a lesser standard of proof and procedural safeguards is required than in criminal cases;

(gg) Multiple awards of punitive damages can be made for the same acts or omissions;

(hh) The imposition of punitive damages would constitute an excessive fine;

(ii) Such punishment is retrospective in operation, constituting an uncertain remedy and impairing Defendant's access to the courts;

(jj) Joint and several judgments against multiple defendants for different alleged acts of wrongdoings may result; and

(kk) The imposition of different penalties for the same or similar acts may be the result of an imposition of punitive damages, constituting an irrational, arbitrary and capricious punishment. Moreover, a discrimination on the basis of wealth would result.

Plaintiffs' claims of punitive damages against this Defendant are barred pursuant to RSMo. §510.261(5), which states that "(n)o initial pleading in a civil action shall contain a claim for a punitive damage award." Section 510.261(5) further states that "(a)ny later pleading containing a

Electronically Filed - City of St. Louis - February 15, 2023 - 12:54 PM

claim for a punitive damage award may be filed only with leave of the court." This section applies to cases filed after August 28, 2020.

### 19. WORKERS' COMPENSATION

To the extent that Plaintiffs' exposure to asbestos-containing products, for which Plaintiffs seek recovery against this Defendant, occurred while Plaintiffs were employed by Defendant, Plaintiffs should be considered a statutory employee under the Missouri Worker's Compensation Act, RSMo. § 287.040.1, and under which the Labor and Industrial Relations Commission is the proper entity to hear Plaintiffs' claims. If another State's workers compensation act applies, that act would determine the proper entity for Plaintiffs' claims.

### 20. STATE OF THE ART

The state of the medical and scientific knowledge, the published literature and other materials reflecting said state of the art at all relevant times was such that this Defendant neither knew, nor could have known that its products presented a foreseeable risk of harm, if any, to the Plaintiffs in the normal and expected use of these products, according to the law in full force and effect at the time of the transactions complained of. Thus, said products were neither defective, nor unreasonably dangerous. The methods, standards and techniques of selling, distributing or installing any asbestos containing products by this Defendant were performed in conformity with the generally recognized state of the art existing at the time such products were sold, distributed or installed by this Defendant and placed in the stream of commerce.  Defendant demands trial by jury.

### 21. UNAVOIDABLY UNSAFE PRODUCT

Plaintiffs are barred from any recovery due to the fact that there was no known adequate substitute for the asbestos containing products. Said products constituted unavoidably unsafe products, the benefits of which outweighed any alleged damages or injuries caused by the same.

## 22. CHANGE IN PRODUCT

All or some products to which Plaintiffs were exposed may have been in a substantially changed condition or may have been altered or mishandled since the time said products left the control of this Defendant. Such abuse or misuse may constitute the sole proximate cause, or an intervening or superseding cause of Plaintiffs' alleged injuries or damages.

## 23. UNRELATED CAUSES

Plaintiff's alleged physical condition is due solely to an unrelated disease process or other causes unrelated to this Defendant's products.

## 24. ALLOCATION OF FAULT

Defendant alleges that one or more of the parties to this action and/or other persons whose identities are not presently known were negligent or legally responsible or otherwise at fault for the damages alleged in Plaintiffs' Petition.  Therefore, Defendant requests that in the event of any award against it, whether by settlement or judgment, an apportionment of fault be made by the Court or jury as to all parties pursuant to Section §537.067 R.S.Mo.  Defendant further requests a judgment or declaration of indemnification and contribution against all those parties or person in accordance with the apportionment of fault.

## 25. RIGHT TO SETOFF OR CREDIT

Pursuant to R.S. Mo. §537.060, this Defendant is entitled to a setoff and/or credit equal to the total amount for which Plaintiffs have agreed to settle with any third-party and/or defendant named in Plaintiffs' Petition,  or the total amount of consideration paid by such third-parties/defendants, whichever is greater. Said credit includes all settlements with defendants dismissed from this action, pre-trial settlements, and post-trial settlements.

### 26. MISSOURI INNOCENT SELLER STATUTE

Defendant is merely a seller of the product at issue, and under Mo. Rev. Stat. § 537.762, cannot held be liable to Plaintiff if no facts or circumstances are presented upon which a verdict might be reached against Defendant, other than its status as a seller in the stream of commerce.

### 27. ADDITIONAL DEFENSES

Defendant will assert any and all additional defenses, which become available or appear during discovery proceedings in this action, including but not limited to the "bulk seller" doctrine and the "obvious danger" rule. Defendant specifically reserves the right to amend its answer for the purpose of asserting such additional affirmative defenses.

### 28. ADOPTION OF OTHER DEFENDANTS' DEFENSES

Defendant adopts and asserts any affirmative defenses raised or asserted by other defendants to this action that are also applicable to this Defendant.

WHEREFORE, Defendant Imo Industries Inc. prays that Plaintiffs' Petition be dismissed against it, for its costs incurred, and for such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully submitted,

**SWANSON, MARTIN & BELL, LLP**

By: */s/ Marcie J. Vantine*
 MARCIE J. VANTINE (#56860)
 mvantine@smbtrials.com
 800 Market Street, Suite 2100
 St. Louis, Missouri 63101
 Telephone Number (314) 241-7100
 Fax Number (314) 242-0990

**ATTORNEYS FOR DEFENDANT
IMO INDUSTRIES INC.**

**CERTIFICATE OF SERVICE**

 I hereby certify that a true copy of the above and foregoing was electronically filed and served via the Missouri Courts e-Filing System, this 14th day of February, 2023, to all counsel of record, including:

Sara M. Salger, #61393
Erin L. Beavers, #61575
Martavious A. Thomas, #62700
**THE GORI LAW FIRM, P.C.**
156 N. Main Street
Edwardsville, IL 62025
(618) 659-9833
(618) 659-9834 (facsimile)
asbestoslitigation@gorilaw.com

 */s/ Marcie J. Vantine*