UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANET SAHM, et al., | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 4:23-cv-00200-AGF |
| AVCO CORPORATION, et al., | ) ) ) |
| Defendants. | ) ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on the motions of Defendants Baker Hughes, Inc. ("Baker"), Parker-Hannifin Corporation ("Parker"), and The Boeing Company ("Boeing") (collectively, the "Defendants") to dismiss this case for lack of personal jurisdiction. ECF Nos. 6, 7, and 45. Plaintiffs have timely filed a response to Boeing's motion (ECF No. 54), but Plaintiffs have not responded to Baker's or Parker's motions and the time to do so has passed. For the reasons outlined below, the Court will grant Defendants' motions to dismiss.

### **Background**

Plaintiffs first filed suit in the Circuit Court of the City of St. Louis on January 13, 2023, raising claims for wrongful death under Mo. Rev. Stat. § 537.080. ECF No. 5 at 2. Plaintiffs brought this case against thirteen defendants, including Baker, Parker, and Boeing. Defendant Raytheon Technologies Corporation timely removed this case under 28 U.S.C. § 1442(a)(1) on federal officer jurisdiction grounds. ECF No. 1 at 3.

1

The following facts are taken from the Petition.  Plaintiffs are the surviving heirs of decedent Gustave Sahm, who Plaintiffs allege died from lung cancer due to his exposure to asbestos-containing products.  *See* ECF No. 5 at 6, 8–10.  According to Plaintiffs, from 1956 to 2020, Mr. Sahm was exposed to asbestos-containing products while serving in the Navy and working various jobs.  *Id.* at 2.  Plaintiffs allege that Mr. Sahm served in the U.S. Navy from 1956 to 1958.  *Id*.  They further allege that he worked as a driver at Schuetten Berg & Sahm Water Hauling from 1958 to 1959, as an electrical mechanic at McDonnell Douglas Corporation from 1959 to 1960, as a truck driver for Landvatte Ready Mix in 1960, as a truck driver for St. Louis County Title from 1960 to 1962, as a police officer for St. Louis County from 1962 to 1991, as a salesman at Lou Fusz Motor Company from 1991 to 2001, as a salesman at Marshall Ford from 2001 to 2003, as a salesman at Broadway Truck Center from 2003 to 2006, as a driver at Lou Fusz Motor Company from 2006 to 2016, and as a customer service representative at Autozone from 2016 to 2020.  *Id*.  Plaintiffs allege, in general terms, that during Mr. Sahm's employment he was exposed to asbestos-containing products that were manufactured, sold, distributed, and/or installed by Defendants.  *Id*. at 3.  They also allege that Mr. Sahm's "exposure to the materials, products, equipment, activates [sic] and conditions attributable to the various Defendants occurred at different times as to each and not necessarily throughout [Mr. Sahm's] entire career or life as to any particular Defendant." *Id*. at 5.

Plaintiffs allege that each "Defendant is amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed the aforementioned asbestos-

2

containing products or by reason of having placed the same into the stream of commerce for use in Missouri . . . ." *Id.* They also allege that Baker, Boeing, and Parker are foreign corporations "doing business in the State of Missouri . . . ." *Id*. at 3–5.

Plaintiffs bring four counts against all Defendants: (i) Count I – Strict Liability, (ii) Count II – Negligence, (iii) Count III – Willful and Wanton Misconduct and Aggravated Circumstances, and (iv) Count IV – Loss of Consortium. ECF No. 5. In Count I, Plaintiffs allege that "Defendants and each of them manufactured, sold and distributed the asbestos-containing products to which [Mr. Sahm] was exposed," and that the products "were in a defective condition and were unreasonably dangerous" in that they contained asbestos fibers without a proper warning. *Id*. at 6. In Count II, they allege that "Defendants and each of them failed to exercise ordinary care or caution for [Mr. Sahm's] safety" by negligently including asbestos in products to which Mr. Sahm was exposed. *Id*. at 8. In Count III, Plaintiffs allege that "Defendants and each of them" are guilty of willful and wanton misconduct by intentionally, or with reckless disregard for Mr. Sahm, including asbestos in products to which Mr. Sahm was exposed. *Id*. at 9–10. Finally, in Count IV, Plaintiffs allege that, "as a direct and proximate result of the foregoing acts or omissions of the Defendants," Plaintiff Janet Sahm and "other family members" have been deprived of the companionship, society, and services of her late husband, Mr. Sahm. *Id*. at 11.

## Discussion

Defendants each argue in their motions that Plaintiffs have failed to adequately establish the Court's personal jurisdiction over each of them. ECF Nos. 6, 7, and 45.

3

Personal jurisdiction over a defendant "represents the power of a court to enter a valid judgment imposing a personal obligation or duty in favor of the plaintiff." *Viasystems, Inc. v. EBM Pabst St. Georgen GmbH & Co., KG*, 646 F.3d 589, 592 (8th Cir. 2011) (internal quotation marks and citation omitted). Plaintiffs bear the burden of establishing a "prima facie showing of jurisdiction," and the Court views the facts in the light most favorable to plaintiffs. *Kaliannan v. Liang*, 2 F.4th 727, 733 (8th Cir. 2021). "The evidentiary showing at the prima facie stage is minimal." *Bros. and Sisters in Christ, LLC v. Zazzle, Inc.*, 42 F. 4th 948, 951 (8th Cir. 2022). To establish the prima facie showing, plaintiffs must plead sufficient facts to support a reasonable inference that the defendant can be subjected to jurisdiction within the state. *Id*. The Court may also review affidavits and other exhibits to determine whether personal jurisdiction exists. *Pederson v. Frost*, 951 F.3d 977, 979 (8th Cir. 2020).

Personal jurisdiction takes two forms: general and specific. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., S.F. Cnty.*, 582 U.S. 255, 262 (2017). For a corporation, "the paradigm forum for the exercise of general jurisdiction" is its state of incorporation or its principal place of business. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014); *see also Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021). Plaintiff concedes that Boeing is not subject to general jurisdiction in Missouri. ECF No. 54 at 3. Plaintiffs' Petition describes both Baker and Parker as a "foreign corporation." ECF No. 5 at 3, 5. The Petition therefore also fails to establish that Baker or Parker are subject to general jurisdiction in Missouri. *Id.*

Specific jurisdiction requires "an affiliation between the forum and the underlying

4

controversy, and where that connection is absent, specific jurisdiction is lacking regardless of the extent of a defendant's unconnected activities in the State." *Zazzle*, 42 F.4th at 952 (cleaned up). Courts in the Eighth Circuit consider five factors when determining whether a defendant's contacts with a forum are sufficient to confer specific jurisdiction: (i) the nature and quality of the contacts, (ii) the quantity of the contacts, (iii) the relationship of the cause of action to the contacts, (iv) the interest of the forum state in providing a forum to its residents, and (v) the convenience to the parties. *See Pederson*, 951 F.3d at 980.

Defendants each argue that Plaintiffs have failed to allege facts establishing that their claims arise from Defendants' contacts with Missouri.[1] ECF No. 6 at 2; ECF No. 7, at 2; ECF No. 45 at 3. In response to Boeing's motion, Plaintiffs note that their Petition states that "Boeing is 'amenable to suit in the State of Missouri by reason of having sold, distributed and/or installed . . . asbestos-containing products in Missouri or by reason of having placed the same into the stream of commerce for use in Missouri.'" ECF No. 54, at 6 (citing ECF No. 5 at 5). But Plaintiffs' Petition provides no information on which specific products "sold, distributed, or manufactured" by Defendants Mr. Sahm was exposed. Similarly, Plaintiffs do not specify when Mr. Sahm was allegedly exposed to asbestos-containing products. Rather, they generally state, as they do with respect to all

---

[1] Baker and Parker make alternative arguments that Plaintiffs' Petition fails to state a claim against them or otherwise fails to plead the elements of the claims against each. *See* ECF Nos. 6 and 7. Although this Order does not address those alternative arguments, the Court notes that, in a separate order granted on this date, it granted motions to dismiss asserted by other Defendants on similar grounds.

of the Defendants, that Mr. Sahm's "exposure to the materials, products, equipment, activates [sic] and conditions attributable to the various Defendants occurred at different times as to each and not necessarily throughout [Mr. Sahm's] entire career or life." ECF No. 5 at 5.  As well as not providing the products or date of Mr. Sahm's alleged exposure, Plaintiffs' Petition does not explain how Mr. Sahm's alleged exposure is connected to any of his specific jobs.  The vague allegations presented in the Petition do little to establish (i) the nature and quality of Boeing's contacts with Missouri, (ii) the quantity of those contacts, or (iii) the relationship of Plaintiffs' claims to those contacts.  The same is true with respect to the claims against Baker and Parker.  Without more, Plaintiffs' Petition, on its face, fails to establish personal jurisdiction over the Defendants.

Plaintiffs' response to Boeing's motion asserts additional information regarding specific jurisdiction over Boeing.  Plaintiffs assert that (1) "[u]pon information and belief, Mr. Sahm was exposed to Boeing's asbestos-containing aviation products during his work for the St. Louis County Police Department Helicopter Division"; (2) Boeing is the successor-in-interest to the McDonnell Douglas Corporation ("McDonnell Douglas"), which has "continuously served a market for aviation engines and aviation component parts in Missouri"; and (3) Mr. Sahm worked at McDonnell Douglas in St. Louis, Missouri.  *See* ECF No. 54 at 6–7.

As an initial matter, none of the above-noted facts are pleaded in Plaintiffs' Petition or established by any evidence submitted in connection with Plaintiffs' response.  But even if Plaintiffs were to add such allegations to the Petition, they would still be insufficient to establish personal jurisdiction over Defendants.  Allegations made on

6

"information and belief" are ordinarily insufficient to establish personal jurisdiction. *See Zeavision, LLC v. Bausch & Lomb Inc.*, No. 4:21CV1487 HEA, 2022 WL 17092453, at *2 (E.D. Mo. Nov. 21, 2022). Conclusory allegations and speculation are also insufficient where no other allegations provide plausible factual support. *See Zazzle, Inc.*, 42 F.4th at 951 (requiring sufficient facts to support reasonable inference that defendant can be subjected to personal jurisdiction within forum state); *Miller v. Nippon Carbon Co.*, 528 F.3d 1087, 1092 (8th Cir. 2008) (holding that "conclusory allegation is not enough to establish personal jurisdiction" and that plaintiff bore burden of proving personal jurisdiction "not by pleadings alone, but by the affidavits and exhibits" included). Moreover, Plaintiffs do not even specify that the product giving rise to the exposure was in fact manufactured in Missouri.

Plaintiffs' conclusory statement that Mr. Sahm was exposed to asbestos from Boeing's aviation products during his work with the County, made on information and belief, is insufficient to support personal jurisdiction over Boeing. Plaintiffs' contention that Mr. Sahm worked for McDonnell Douglas in St. Louis is likewise insufficient as it fails to adequately connect Boeing's alleged contacts with Missouri with Plaintiffs' claims. Plaintiffs' do not offer any facts indicating that Mr. Sahm was exposed to asbestos-containing products while working for McDonnell Douglas in St. Louis. Without factual allegations connecting Mr. Sahm's work at McDonnell Douglas to his alleged exposure to asbestos-containing products, the Court cannot find personal jurisdiction over Boeing.

Similarly, the Petition does not include sufficient allegations to find personal

7

jurisdiction over Baker or Parker. Pleadings which "indiscriminately lump defendants together in asserting jurisdictional allegations" will not support finding personal jurisdiction over any one defendant. *C. Pepper Logistics, LLC v. Lanter Delivery Systems, LLC*, No. 4:20-cv-01444-MTS, 2021 WL 3725680, at *4 (E.D. Mo. Aug. 23, 2021) (quoting *Borislow v. Canaccord Genuity Grp. Inc.*, No. 14-cv-80134, 2014 WL 12580259, at *5 (S.D. Fla. Jun. 27, 2014) (cleaned up).

Rather than alleging facts giving rise to personal jurisdiction over any one defendant, Plaintiffs' pleadings indiscriminately lump all Defendants together. *See* ECF No. 5. Though Plaintiffs allege that each Defendant is a "foreign corporation doing business in the State of Missouri," they do not allege facts regarding how the Defendants' connections to the state gave rise to this suit, nor do they allege that Baker or Parker manufactured a specific asbestos-containing product to which Mr. Sahm was exposed during his employment from 1956 to 2020. Without individualized allegations showing that Plaintiffs' claims against each Defendant arose from its contacts with Missouri, the Court cannot find personal jurisdiction over them.

Because the Court finds that it lacks personal jurisdiction over these Defendants, it will not reach Baker's and Parker's alternative arguments that the Petition should be dismissed on the merits.[2] *See, e.g.*, *Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit

---

[2] As noted above, however, the Court, in a separate order entered this date, granted motions to dismiss asserted by other Defendants on similar grounds.

(subject-matter jurisdiction) and the parties (personal jurisdiction).").

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Baker's, Parker's, and Boeing's motions to dismiss are **GRANTED**, and Plaintiffs' claims against these Defendants only will be **DISMISSED without prejudice** for lack of personal jurisdiction. ECF Nos. 6, 7, and 45. The Court will enter a separate Order of Dismissal as to these Defendants.

Dated this 5th day of July, 2023.

                                                                                    _/s/ Audrey G. Fleissig_
                                                  AUDREY G. FLEISSIG
                                                  UNITED STATES DISTRICT JUDGE