UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANET SAHM, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00200-AGF |
| | ) | |
| AVCO CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the motions of Defendants Avco Corporation ("Avco"), Bell Helicopter Textron, Inc. ("Bell"), and Textron Aviation, Inc. ("Textron") (collectively, the "Defendants") to dismiss this case. ECF Nos. 59–64. Plaintiffs have timely filed responses [ECF Nos. 65–67], and the Defendants have filed replies [ECF Nos. 68–70]. For the reasons outlined below, the Court will grant Defendants' motions to dismiss.

### Background

Plaintiffs first filed suit in the Circuit Court of the City of St. Louis on January 13, 2023, raising claims of wrongful death under Mo. Rev. Stat. § 537.080. ECF No. 5 at 2. Plaintiffs brought this case against thirteen defendants, including Avco, Bell, and Textron. Defendant Raytheon Technologies Corporation timely removed this case under 28 U.S.C. § 1442(a)(1) on federal officer jurisdiction grounds. ECF No. 1 at 3.

The following facts are taken from the Petition. Plaintiffs are the surviving heirs

1

of decedent Gustave Sahm, who Plaintiffs allege died from lung cancer due to his exposure to asbestos-containing products.  *See* ECF No. 5 at 6, 8–10.  According to Plaintiffs, from 1956 to 2020, Mr. Sahm was exposed to asbestos-containing products while serving in the Navy and working various jobs.  *Id.* at 2.  Plaintiffs allege that Mr. Sahm served in the U.S. Navy from 1956 to 1958.  *Id.*  They further allege that he worked as a driver at Schuetten Berg & Sahm Water Hauling from 1958 to 1959, as an electrical mechanic at McDonnell Douglas Corporation from 1959 to 1960, as a truck driver for Landvatte Ready Mix in 1960, as a truck driver for St. Louis County Title from 1960 to 1962, as a police officer for St. Louis County from 1962 to 1991, as a salesman at Lou Fusz Motor Company from 1991 to 2001, as a salesman at Marshall Ford from 2001 to 2003, as a salesman at Broadway Truck Center from 2003 to 2006, as a driver at Lou Fusz Motor Company from 2006 to 2016, and as a customer service representative at Autozone from 2016 to 2020.  *Id*.  Plaintiffs allege, in general terms, that during Mr. Sahm's employment he was exposed to asbestos-containing products that were manufactured, sold, distributed, and/or installed by Defendants.  *Id*. at 3.  They also allege that Mr. Sahm's "exposure to the materials, products, equipment, activates [sic] and conditions attributable to the various Defendants occurred at different times as to each and not necessarily throughout [Mr. Sahm's] entire career or life as to any particular Defendant."  *Id*. at 5.

Plaintiffs bring four counts against all Defendants: (i) Count I – Strict Liability, (ii) Count II – Negligence, (iii) Count III – Willful and Wanton Misconduct and Aggravated Circumstances, and (iv) Count IV – Loss of Consortium.  ECF No. 5.  In

2

Count I, Plaintiffs allege that "Defendants and each of them manufactured, sold and distributed the asbestos-containing products to which [Mr. Sahm] was exposed," and that the products "were in a defective condition and were unreasonably dangerous" in that they contained asbestos fibers without a proper warning. *Id*. at 6.  In Count II, they allege that "Defendants and each of them failed to exercise ordinary care or caution for [Mr. Sahm's] safety" by negligently including asbestos in products to which Mr. Sahm was exposed. *Id*. at 8.  In Count III, Plaintiffs allege that "Defendants and each of them" are guilty of willful and wanton misconduct by intentionally, or with reckless disregard for Mr. Sahm, including asbestos in products to which Mr. Sahm was exposed. *Id*. at 9–10.  Finally, in Count IV, Plaintiffs allege that, "as a direct and proximate result of the foregoing acts or omissions of the Defendants," Plaintiff Janet Sahm and "other family members" have been deprived of the companionship, society, and services of her late husband, Mr. Sahm. *Id*. at 11.

## Legal Standard

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  A complaint must be dismissed for failure to state a claim when it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Pleadings must include sufficient factual information to provide notice and the grounds on which the claim rests and "to raise a right to relief above a speculative level." *Id*. at 555; *see also Schaaf v. Residential Funding Corp.*, 517 F.3d 544, 549 (8th Cir. 2008). This obligation requires a plaintiff to plead "more than labels and conclusions, and a formulaic recitation of the

3

elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  A complaint "must contain either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." *Id.* at 562 (citation omitted).  On a motion to dismiss, the Court accepts as true all factual allegations contained in the complaint and reviews the complaint to determine whether its allegations show that the pleader is entitled to relief.  *Id.* at 555-56; Fed. R. Civ. P. 8(a)(2).

## Discussion

Defendants argue that Plaintiffs' Petition fails to state a claim against each of them on each Count.  *See* ECF Nos. 59–64.  Specifically, the Defendants argue that Plaintiffs fail to "allege which [of Defendants'] product[s] Mr. Sahm was allegedly exposed to" and fail to allege "when, where, or how [Mr. Sahm] was allegedly exposed" such that "Plaintiffs fail to sufficiently plead their claims against" Defendants.  ECF Nos. 60 at 2, 62 at 2, and 64 at 2.  The Court agrees.

Each of Plaintiffs' claims sounds in products liability,[1] and therefore each claim requires an allegation identifying which of Defendants' products are at issue.  *See Sullivan v. Medtronic, Inc.*, 498 F. Supp. 3d 1106, 1114 (E.D. Mo. 2020) (claims of strict liability for defective design require Plaintiff to establish: (1) the defendant sold a product

---

[1] Plaintiffs' Count III for willful and wanton misconduct is interpreted as a request for punitive damages, which does not constitute an independent cause of action in Missouri.  *See SEMO Servs., Inc. v. BNSF Ry. Co.*, 660 S.W.3d 430, 444 (Mo. Ct. App. 2022).  Similarly, Plaintiff Janet Sahm's claim for loss of consortium (Count IV) is contingent upon Mr. Sahm having a valid claim for strict liability for product defect and/or negligent manufacture.  *See Thompson v. Brown & Williamson Tobacco Corp.*, 207 S.W.3d 76, 113 (Mo. Ct. App. 2006).

4

in the course of its business; (2) the product was then in a defective condition, unreasonably dangerous when put to a reasonably anticipated use; (3) the product was used in a manner reasonably anticipated; and (4) the plaintiff was damaged as a direct result of such defective condition as existed when the product was sold); *see also id.* at 1115 n.4 ("[I]n order to recover on a claim for negligent manufacture, a plaintiff must establish that the defendant failed to use ordinary care to manufacture the product to be reasonably safe.") (citing *Redd v. DePuy Orthopaedics, Inc.*, 48 F. Supp. 3d 1261, 1270–71 (E.D. Mo. 2014) (cleaned up).  But Plaintiffs do not identify any specific products manufactured, sold, or distributed by Defendants.  Plaintiffs' formulaic recitation of the elements of each claim—without specifying any products that Defendants are to have manufactured, sold, or distributed—fails to provide Defendants with notice of the grounds on which Plaintiffs' claims rest.  Therefore, all claims against the Defendants must be dismissed for failure to state a claim upon which relief can be granted.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Avco's, Bell's, and Textron's motions to dismiss are **GRANTED**, and Plaintiffs' claims against these Defendants only will be **DISMISSED without prejudice** for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  ECF Nos. 59, 61, and 63.  The Court will enter a separate Order of Dismissal as to these Defendants.

Dated this 5th day of July, 2023.

                                                                            *Audrey G. Fleissig*
                                                                            AUDREY G. FLEISSIG
                                                                            UNITED STATES DISTRICT JUDGE