IN THE UNITED STATES DISTRIC COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JANET SAHM, PETER SAHM, AND <br> DAVID SAHM as the surviving heirs of <br> GUSTAVE SAHM, Deceased <br><br> Plaintiffs, <br><br> -vs.- <br><br> ALLEGHENY TECHNOLOGIES, INC., <br> Individually and as successor-in-interest <br> to TELEDYNE MOVIBLE OFFSHORE, <br> INC., et al., <br> Defendants. | Civil Action No.: 4:23-cv-00200 |

**<u>PLAINTIFFS' MOTION FOR CLERK'S ENTRY OF DEFAULT AGAINST</u>**
**<u>DEFENDANT GOODYEAR TIRE AND RUBBER COMPANY</u>**

Pursuant to Federal Rule of Civil Procedure 55(a), Plaintiffs, by and through their attorneys, The Gori Law Firm, requests that the Clerk enter an entry of default against Defendant GOODYEAR TIRE & RUBBER COMPANY (hereinafter "Goodyear"). In support, Plaintiffs state as follows:

1. On January 13, 2023, Plaintiffs filed their Petition in the Circuit Court of the City of St. Louis, Case No. 2322-CC00094, against Goodyear and other defendants.

2. On February 20, 2023, Defendant Raytheon Technologies Corporation (hereinafter "RTC") filed a Notice of Removal on the basis of federal officer jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1442(a)(1) (Ex. 1).

3. Rule 81(c) provides time periods in which Goodyear was required to answer, provided that Goodyear could answer or present other defenses within the longest of the time periods. *See* Fed. R. Civ. P. 81(c). Rule 81(c)(2)(A) requires a

        responsive pleading within 21 days after being served with the summons and complaint. *Id*. Rule 81(c)(2)(C) requires a responsive pleading within 7 days after the notice of removal is filed. *Id*.

4. Pertaining to service on Defendant Goodyear, the summons was issued on January 13, 2023 in the St. Louis City case (Ex. 2).

5. Service was effected on Goodyear on January 27, 2023 (Ex. 2). Goodyear was required to serve a responsive pleading on or before February 17, 2023, based on when they were served with the summons and complaint. Goodyear has yet to serve a responsive pleading.

6. Notice of removal was filed on February 20, 2023. Goodyear was required to serve a responsive pleading on or before February 27, 2023, based on when the notice of removal was filed. Goodyear has yet to serve a responsive pleading.

7. Goodyear filed its entry of appearance (Ex. 3) and disclosure of organizational interest statement on March 22, 2023. (Ex. 4).

8. Thus, Goodyear has "failed to plead or otherwise defend" the claims against them and a Clerk's entry of default is warranted pursuant to Rule 55(a).

    WHEREFORE, Plaintiffs respectfully request that the Clerk enter an entry of default against Goodyear.

Respectfully submitted,

**THE GORI LAW FIRM, P.C.**

By:     */s/ David W. Aubrey*
David W. Aubrey, #6305392IL
Attorney for Plaintiffs
156 N. Main St.
Edwardsville, IL  62025
Phone: (618) 659-9833
Fax: (618) 659-9834
david@gorilaw.com

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 6th day of July, 2023 the foregoing document was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.