UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JANET SAHM, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-cv-00200-AGF |
| | ) | |
| AVCO CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on several motions.  First, Defendants Continental Aerospace Technologies, Inc. ("Continental"), Goodyear Tire & Rubber Company ("Goodyear"), and Henkel Corporation ("Henkel") have each filed a motion to dismiss the original Complaint.  ECF Nos. 88, 87, and 90.  In response to these motions and the Court's previous rulings on other Defendants' motions to dismiss, Plaintiffs filed a motion for leave to file a First Amended Complaint.  ECF No. 92.  Defendant Continental filed a response in opposition to Plaintiff's motion.  ECF No. 94.  No other Defendants have filed a response, and the time to do so has passed.  Plaintiffs filed a reply in support of their motion for leave to amend.  ECF No. 95.  Defendants Continental's, Goodyear's, and Henkel's motions to dismiss and Plaintiffs' motion for leave to amend are fully briefed and ready for disposition.  For the reasons explained below, the Court will grant Plaintiffs' motion for leave to file a First Amended Complaint and deny Defendants' motions to dismiss as moot.

1

## Background

Plaintiffs first filed suit in the Circuit Court of the City of St. Louis on January 13, 2023, raising claims for wrongful death under Mo. Rev. Stat. § 537.080.  ECF No. 5 at 2. Plaintiffs raised claims against thirteen defendants, including Continental, Goodyear, and Henkel.  Defendant Raytheon Technologies Corporation timely removed this case under 28 U.S.C. § 1442(a)(1) on federal officer jurisdiction grounds.  ECF No. 1 at 3. Following removal, Defendants Continental, Goodyear, and Henkel filed motions to dismiss in the state court action.  After learning the parties continued to file pleadings in the state court, notwithstanding removal of the case to federal court, the Court ordered those Defendants to submit their motions to dismiss to the Court for consideration in this matter.  ECF No. 84.

The Court has previously dismissed Plaintiffs' claims against six Defendants. First, the Court granted Defendants Baker Hughes, Inc.'s, Parker-Hannifin Corporation's, and The Boeing Company's motions to dismiss for lack of personal jurisdiction, without prejudice.  ECF Nos. 75 and 76.[1]  The Court next granted motions to dismiss filed by three other Defendants—Avco Corporation, Bell Helicopter Textron, Inc., and Textron Aviation, Inc.—for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  ECF Nos. 77 and 78.[2]

---

[1]     Plaintiffs reassert claims against each of these Defendants in the proposed First Amended Complaint.

[2]     Plaintiffs have not reasserted claims against these Defendants nor against Defendant Allegheny Technologies, Inc.

The motions to dismiss of Defendants Continental, Goodyear, and Henkel raise similar issues. Both Continental and Goodyear argue that dismissal is warranted for want of personal jurisdiction. ECF Nos. 87 and 88. Defendant Henkel argues that Plaintiffs' claims against it should be dismissed for lack of personal jurisdiction and failure to state a claim.[3] ECF No. 90.

Rather than filing a response to these Defendants' motions, Plaintiffs filed their motion for leave to file a First Amended Complaint. ECF No. 92. Plaintiffs argue that their motion should be freely granted under Federal Rule of Civil Procedure 15(a)(2). Plaintiffs argue that their proposed amendments add allegations to their Complaint regarding the products to which Mr. Sahm was allegedly exposed; add allegations sufficient to show the Court's jurisdiction over foreign Defendants; and that their motion renders moot Defendants Continental's, Goodyear's, and Henkel's motions to dismiss.

Continental argues that Plaintiffs' motion should be denied as futile. ECF No. 94. Continental contends that Plaintiffs' proposed First Amended Complaint does not rectify flaws in the original Petition, as it fails to allege personal jurisdiction over Continental and still fails to state a claim upon which relief can be granted. Continental also argues that the mere filing of the motion for leave to file a First Amended Complaint does not render moot its motion to dismiss.

---

[3]   Henkel's motion to dismiss also argues in the alternative for (1) a change in venue from St. Louis City to St. Louis County and (2) a more definite statement under the Missouri Rules of Civil Procedure. ECF No. 90 at 6–10. The Court need not address these issues since the case has been removed and because it will grant Plaintiffs' motion for leave to file a First Amended Complaint.

3

**Discussion**

Under Federal Rule of Civil Procedure 15(a)(2), the Court must freely grant a motion for leave to amend "when justice so requires." *See Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 715 (8th Cir. 2008). However, there is no absolute right to amend. *Id.* Denial of leave to amend is appropriate under certain situations, including futility of the amendment. *See id.* (quoting *Moses.com Secs., Inc. v. Comprehensive Software Sys., Inc.*, 406 F.3d 1052, 1065 (8th Cir. 2005)); *see also Hillesheim v. Myron's Cards and Gifts, Inc.*, 897 F.3d 953, 955 (8th Cir. 2018) (citation omitted). "[W]hen a court denies leave to amend on the ground of futility, it means that the court reached a legal conclusion that the amended complaint could not withstand a Rule 12 motion . . . . " *In re Senior Cottages of Am., LLC*, 482 F.3d 997, 1001 (8th Cir. 2007). When determining whether an amended complaint states a claim, the Court accepts as true all factual allegations contained in the proposed amended complaint. *Id.* (citing *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 698 (8th Cir. 2003); *see also Zutz v. Nelson*, 601 F.3d 842, 850–51 (8th Cir. 2010) (applying pleading standard from *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) to determine whether proposed amended complaint stated a claim).

Although the proposed First Amended Complaint still speaks in fairly generalized terms, it alleges the general type of asbestos containing products produced by Defendants and to which Mr. Sahm was allegedly exposed while employed with the St. Louis County Police Department's aircraft and helicopter team. Plaintiffs have also included allegations that the Defendants contracted for the sale of their allegedly asbestos

4

containing products to either Missouri corporations, such as McDonnell Douglas,[4] or the St. Louis County Police Department. Taking these allegations as true, and recognizing that the case is still at a relatively early stage, the Court finds that Plaintiffs should be granted leave to file a First Amended Complaint.

Continental's, Goodyear's, and Henkel's motions to dismiss will be dismissed as moot. Defendants will have the opportunity to renew their motions to dismiss should they wish, directed at the First Amended Complaint.

## Conclusion

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' motion for leave to file a First Amended Complaint is **GRANTED**. ECF No. 92. The Clerk of Court shall detach and separately file Exhibit 1 to ECF No. 92.

**IT IS FURTHER ORDERED** that Defendants Continental's, Goodyear's, and Henkel's motions to dismiss are **DISMISSED as moot**. ECF Nos. 87, 88, and 90.

Dated this 23rd day of August, 2023.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

---

[4] The original Complaint alleged the decedent worked at McDonnell Douglas from 1959 to 1960 as an electrical mechanic.